KITCHENS, Justice,
concurring in result only:
¶ 17. I agree that the City is entitled to summary judgment, but I cannot agree that its failure to protect or warn against a known dangerous condition falls into the category of a discretionary duty. Compare Miss.Code Ann. § 11 — 46—9(d) (Rev. 2002) (governmental immunity for discretionary functions) with Miss.Code Ann. § ll-46-9(v) (Rev.2002) (no governmental immunity for failing to protect or warn against a known dangerous condition). The mere fact that the alleged dangerous condition was located in a public park did not render the City’s duties discretionary. For example, in Jones v. Mississippi Department of Transportation, 744 So.2d 256, 258 (Miss.1999), this Court held that “although the failure to place the traffic control devices was a discretionary act, the [Mississippi Department of Transportation] and the county had a duty to warn motorists of a dangerous condition of which it had knowledge.” Thus, while the creation of a public park is a discretionary governmental function involving public policy considerations, the City still has a duty to maintain the premises in a reasonably safe condition, and to protect and warn against known hazards. Id. at 263 (citing Coplin v. Francis, 631 So.2d 752, 755 (Miss.1994); Miss.Code Ann. § 11-46-9(v)).
¶ 18. Nevertheless, the plaintiffs did not submit affidavits or other proof to support the allegations in their response to *1290 defendants’ motion for judgment. Because our law provides that a “plaintiff may not rely solely upon the unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda,” the plaintiffs in this case have not demonstrated a genuine issue of material fact to be decided by a jury. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1356 (Miss.1990). Therefore, I respectfully concur in result only.
CHANDLER, J., JOINS THIS OPINION.